## DARLAND v. ROSENCRANS.

1. **Evidence:** TIME OF INTRODUCTION: PRACTICE. A court may, in its discretion, allow the introduction of evidence after the arguments of counsel have been concluded.

2. **Sale:** FRAUD: INSTRUCTIONS. Instructions in an action to set aside a sale on the ground of fraud considered and approved. ADAMS, CH. J., *dissenting*.

3. ——: ——: PARTNERSHIP. The purchase by one partner of his copartner's interest in the firm property is not rendered void for fraud because of the fact that the buyer has knowledge of his partner's insolvency, if he has no reason to suppose it is the latter's intention to defraud his creditors by the sale.

*Appeal from Floyd Circuit Court.*

SATURDAY, APRIL 23.

THE plaintiff is a judgment creditor of one William Wade. As such, he seeks to reach a certain alleged interest of Wade in a stock of goods in the possession of the defendant Rosencrans. For that purpose he garnished Rosencrans and took his answer. The answer showed that at one time Wade was in partnership with Rosencrans, and that the stock of goods at that time belonged to the firm, but that, on the 13th day of August, 1877, Rosencrans bought out Wade, paying him for his interest in the stock $800, of which sum $600 was paid in cash and $200 in the cancellation of previous indebtedness due from Wade to Rosencrans. On this answer the plaintiff took issue, averring that the pretended

purchase was void, as having been made with intent to defraud Wade's creditors. There was a trial by jury, and verdict and judgment were rendered for the defendant garnishee. The plaintiff appeals.

*Starr, Harrison & Danforth*, for appellant.

*J. E. Owens* and *J. S. Root*, for appellee.

DAY, J.—I. The plaintiff introduced as a witness one S. E. Shephardson, who testified that he was a banker, and that the defendant Rosencrans borrowed some money from his bank about the time of the alleged purchase. He was then asked if he recollected having a conversation with Rosencrans as to what he wanted to do with the money, and he answered that he did not. He was then asked a question in these words: "Did you tell me that you were present and loaned that money to Rosencrans that night?" To this question the defendant objected as incompetent and improper, and the court sustained the objection. The ruling sustaining the objection the plaintiff assigns as error.

In no possible view can we see how it was material what the witness told the plaintiff's counsel. We infer from the counsel's argument that he hoped, when he put the witness upon the stand, to show that Rosencrans, when he obtained the money, made some damaging admissions to the witness; that upon examination of the witness he found he was mistaken, and concluded that the admissions must have been made to the plaintiff's partner, whose testimony he might have had if he had not been misled by the witness. But suppose the counsel had been permitted to show that he had been misled by the witness, the jury would not have been justified in inferring that the admissions could have been proven by some other witness, and, therefore, that they were made.

II. The defendant offered in evidence a bill of sale of the

property in question, executed by Wade to the defendant.
1. EVIDENCE: The plaintiff objected upon the ground that the
time of intro-
duction:prac- evidence had been closed and the arguments
tice.         made. The court overruled the objection and
the plaintiff assigns the overruling thereof as error.

We see nothing to show that the evidence had been closed
and the arguments made at the time this bill of sale was
introduced, except so far as appears from the plaintiff's objec-
tion, which is insufficient. Besides, the court, in its discre-
tion, might allow its introduction even though offered after
the evidence was supposed to be closed and the arguments
had been made.

III. The court, at the request of the defendant, gave an
instruction in these words:

"3d. Persons who are in debt, and even persons who are
insolvent, must be allowed to sell property as well as others,
and if they sell for full value for cash, or for cash and a pre-
existing debt, there is nothing in such a transaction alone to
indicate fraud." The giving of this instruction the plaintiff
assigns as error.

He claims that the instruction was calculated to mislead
the jury, because there was no question as to any one being in
debt. Yet the whole theory of the plaintiff's case is that
the alleged sale was made to defeat the plaintiff in collecting
his debt against Wade, and that the plaintiff ought to be
allowed to collect his debt out of the stock, notwithstanding
the sale.

It is further objected to the instruction that it was calcu-
lated to lead the jury to think that a sale for full cash value
would not be fraudulent, whatever the other circumstances
might be.

But the instruction says that such sale would not *alone*
indicate fraud, and negatives, by plain implication, what the
plaintiff contends that the jury might have inferred.

IV. The court, at the request of the plaintiff, gave an
instruction in these words:

"4th. The fact that a suit is pending against a person does not prevent him from selling his property and giving a good title thereto." The giving of this instruction the plaintiff assigns as error.

The objection made to it is that it only partially states the law. But it would not necessarilly be erroneous, or mislead the jury, for such reason. The instruction, taken in connection with other instructions given, we think is unobjectionable.

V. The court, at the request of the defendant, gave an instruction in these words:

"8th. Partners have peculiar relations to each other and either of the partners is always justified in purchasing the

2. SALE: fraud: partnership.

interest of the other, whenever he believes that his material interests will be improved or his financial credit will be saved or that his general reputation will be saved or improved, if in the purchase he is actuated alone by these considerations without regard to the fact that he is indebted beyond his individual means to pay, and that the purchasing partner may know of the indebtedness; under the above circumstances a sale from one to the other is not fraudulent." The giving of this instruction is assigned as error.

In our opinion, a purchase is not necessarily to be deemed to be made in bad faith where a partner purchases of an insolvent copartner and with knowledge of the insolvency. This seems to us to be the rule enunciated in the instruction. It is true it emphasizes to some extent the motive which a partner may have to purchase of his co-partner, but we do not think that that necessarily vitiates the instruction. If the partner is induced to purchase solely by a regard for his own interest, so far the purchase would be an honest one and it would not be rendered fraudulent simply by knowledge of the seller's insolvency.

It is true if the purchaser has knowledge of a fraudulent intent on the part of the seller no exigency on the part of the

purchaser will prevent the purchase from being regarded as fraudulent. The instruction complained of, while it does not recognize this rule, does not necessarily contravene it. It recites certain circumstances and proceeds to say that "under the above circumstances a sale from one to the other is not fraudulent." Possibly if the instructions stood alone, we might deem it objectionable for want of fullness. But it is helped out, we think, by an instruction which the court gave on its own motion, and which is in these words:

"14th. But if Wade sold his interest in the firm property with intent to defeat, delay or defraud his creditors, and if the defendant, at the time or before he purchased Wade's interest *had notice of this intent*, defendant would not have been a purchaser in good faith and his purchase would be fraudulent and void as to plaintiff's attachment."

We think that the instruction complained of, taken in connection with this instruction, is unobjectionable.

VI. The Court, at the request of the defendant, gave an instruction in these words:

"9th. The position of the parties to this transaction, that is, the position of the vendor, Wade, and Rosencrans, as partners, can be considered by the jury in determining whether there was honesty of intention and purity of purpose in the acts of the defendant, Rosencrans." The giving of this instruction the plaintiff assigns as error. He insists that the fact that the parties to the sale were partners had no tendency to evince honesty on the part of Rosencrans.

Where a person purchases property of such a character or under such circumstances as to make the transaction a strange and unnatural one, it constitutes, doubtless, a circumstance which the jury is entitled to consider in determining whether the purchase was made in good faith. If this is so, it appears to us that the jury may be allowed to consider any circumstance tending to show that the transaction was not a strange or unnatural one. The fact that the parties to this sale were partners is not, to our mind, an important one, and

yet we are not prepared to say that there was error in instruct-
ing the jury that they might consider it.   If either partner
wanted to dissolve partnership for any reason it might be
naturally expected that one would buy out the other, and if
one had the ability to buy and the other had not, the one
who had the ability would naturally become the buyer.

VII. 、 The Court, upon its own motion, gave two instruc-
tions which are in the following words:

"11th.   A member of a firm or co-partnership is justified
in purchasing the interest of his partner in the firm property,
although suits may be pending against the part-
ner from whom he purchases to the knowledge
of the purchasing partner, if the purchase is made in good faith,
and a purchase so made would be valid as against the credi-
tors of the selling partner.

" 12th.   But if the purchase is not made in good faith; if
the selling partner sells for the purpose of hindering, delay-
ing, or defrauding his creditors, and the purchasing partner
knows of this purpose at the time of the purchase, he would
not be a purchaser in good faith, and his purchase in such
case would be fraudulent as against the creditors of the sell-
ing partner, and void as to them."

The giving of these instructions is assigned as error.   The
objection made is that they imply that positive knowledge
by the buyer of a fraudulent intent on the part of the seller
is necessary to render the sale fraudulent, whereas it is suf-
ficient if the buyer had such knowledge as should put him
upon inquiry.

Conceding, as plaintiff claims, that the defendant should be
deemed to have had knowledge of the fraudulent intent, if
he had such knowledge as should have put him upon inquiry,
still we do not think that the instructions contain reversible
error.   The rule enunciated is correct, the only objection be-
ing that they do not fully instruct the jury as to what they
might find to be knowledge.   We think that if the plaintiff

desired a more explicit instruction upon this point he should have asked it.

VIII. The plaintiff complains that the verdict is contrary to the evidence. We are free to say that we think that the jury might more properly have found for the plaintiff, but we cannot say that the verdict is wholly without support, and the judgment must be

AFFIRMED.

ADAMS, CH. J., *dissenting.* I think that the counsel for the defendant, in drawing and asking the 8th instruction designed that the jury should be led to believe that a partner may always purchase from his co-partner when he thinks that his interest requires it. I think that the instruction was well calculated to lead the jury so to believe. If so, it is erroneous, and the error was not cured by the giving of another instruction which contravened it, and expressed the correct rule, because one instruction is as authoritative as another.